FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ MAY 26 2015 ★
BROOKLYN OFFICE
D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

ARTHUR MYRICK,

Defendant.
----------------------------------------------------------X

ORDER

04-CR-380-10 (NGG) (SMG)

NICHOLAS G. GARAUFIS, United States District Judge.

On April 4, 2006, Defendant Arthur Myrick pleaded guilty to one count of conspiracy to distribute at least 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (See Apr. 4, 2006, Min. Entry (Dkt. 126); Superseding Indictment (Dkt. 109) ¶ 21 (Count Three: Narcotics Conspiracy).) On September 24, 2008, Myrick was sentenced to time served and five years of supervised release. (J. (Dkt. 251) at 1-3.) Shortly before his term of supervised release was to expire, however, Myrick was charged in New York State Criminal Court, Kings County with committing felony assault and multiple misdemeanor offenses, including assault and menacing, on August 25, 2013. (See Aug. 7, 2014, Order (Dkt. 329).) The Probation Department subsequently charged Myrick with violating the condition of his supervised release that he not commit another federal, state, or local crime. (See id.; Report and Recommendation ("R&R") (Dkt. 334) at 1.) Specifically, Probation charged: (1) that Myrick committed felony assault by causing New York City Police ("NYPD") Officer Odnel Cazena, who was attempting to arrest him, to fall down a flight of stairs; and (2) that he committed misdemeanor assault by punching his former girlfriend, Tamara Lee, in the face or head. (R&R at 1.)

On August 7, 2014, the court referred the violation hearing to Magistrate Judge Steven M. Gold for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b). (Aug. 7, 2014, Order.) On September 19, 2014,

1

Judge Gold conducted an evidentiary hearing, during which NYPD Officers Yves Dorisme and Cazena testified for the prosecution, and Myrick testified on his own behalf. (R&R at 1.) On October 10, 2014, Judge Gold issued his R&R, recommending that Myrick be found guilty of both charges. (Id. at 5.)

Although Judge Gold extended the deadline to make objections to the R&R to December 19, 2014, Defendant failed to timely object. See Fed. R. Crim. P. 59(b)(2). (See also R&R at 5 ("Any objections to the recommendations made in this Report must be made on or before December 19, 2014. Failure to file timely objections may waive the right to appeal the District Court's order." (internal citations omitted)).) On March 16, 2015, however, Myrick filed a document entitled "Hearing Memorandum," which the court construes—despite its title—as a belated objection to the R&R.[1] (See Mem. in Opp'n to R&R (Dkt. 335).) While failure to timely object to a magistrate judge's report can operate as a waiver of any further judicial review of the decision, see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997), "[b]ecause the rule is non-jurisdictional, its violation can be excused in the interests of justice." United States v. Ballares, 317 F. App'x 36, 38 (2d Cir. 2008) (summary order) (citing Male Juvenile, 121 F.3d at 39).

Even if the court were to excuse Myrick's months-long delay in the interests of justice, however, the memorandum does not specifically object to any proposed findings or recommendations in Judge Gold's R&R. Cf. Fed. R. Crim. P. 59(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations." (emphasis added)). In fact, Myrick's memorandum does not so much as

---

[1] The court construes this document as an objection because: (1) there is no other objection to the R&R; (2) the document was filed over five months after the R&R; and (3) the document was docketed and filed as a memorandum in opposition to the R&R. (See Mem. in Opp'n to R&R (Dkt. 335).)

2

mention the R&R, let alone specify portions of the R&R to which he objects.[2] (See generally Mem. in Opp'n to R&R.) As a result, Myrick would be entitled only to clear error review. See, e.g., United States v. Morillo, No. 08-CR-676 (NGG), 2009 WL 3254431, at *1 (E.D.N.Y. Oct. 9, 2009) ("'Where a party makes only conclusory or general objections, the court reviews the [R&R] for clear error.'" (quoting United States v. Lake, 244 F. Supp. 2d 104, 107 (E.D.N.Y. 2003))); cf. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." (emphasis added)). Finding no clear error, the court adopts the R&R in full. See 28 U.S.C. § 636(b)(1) (providing that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").

Accordingly, Myrick's objection is OVERRULED and the court ADOPTS IN FULL the R&R. The court thus finds that Myrick has violated a condition of his supervised release. The parties are hereby instructed to confer and contact the court's Deputy at (718) 613-2545 to schedule a date for sentencing.

SO ORDERED.

/s/(NGG)

Dated: Brooklyn, New York
May 20, 2015

NICHOLAS G. GARAUFIS
United States District Judge

---

[2] In fact, to the extent Myrick's memorandum constitutes an objection to the R&R at all, it misconstrues Judge Gold's findings. Myrick argues that the Government has failed to sustain its burden of proof with respect to the felony assault charge, since Judge Gold noted at the hearing that he was "not reasonably satisfied that we have sufficient proof for a finding that Mr. Myrick deliberately thrust his arms into the officer with the intent of pushing him down the stairs." (Mem. in Opp'n to R&R at 7 (quoting Sept. 19, 2014, Hr'g Tr. (Dkt. 332) at 116:9-12).) As Judge Gold observed in his R&R, however, "there is little doubt that Myrick fled to avoid apprehension and that Cazena was injured when Myrick either pushed him or caused him to fall by breaking free from his hold." (R&R at 4.) Judge Gold further noted that under New York law, a defendant may be found guilty of second-degree assault, a felony, "'even though the injury caused is unintended or accidental. The only proviso is that the injury must occur while the defendant is acting with the intention of preventing the police officer . . . from performing a lawful duty.'" (Id. at 5 (quoting People v. Campbell, 72 N.Y.2d 602, 604 (1988)).) Consequently, Judge Gold found that "whether Myrick pushed Officer Cazena deliberately or not, Cazena's injury was the result of Myrick's flight," and thus, Judge Gold was satisfied that Myrick was guilty of violating his supervised release by committing felony assault. (Id.)

3